## SCHROERLUCKE et al. v. HALL.

Court of Appeals of Kentucky.
March 28, 1952.

Rehearing Denied June 20, 1952.

Wallace & Hopson, Louisville, for appellants.

Lawrence Grauman, Louisville, for appellee.

LATIMER, Justice.

Appellants, having been informed that appellee had some houses for sale, contacted a Mr. Moore, agent of appellee. Appellant, Mr. Schroeriucke, thereupon went with Mr. Moore to inspect the house where he met appellee, Clifford Hall, who informed him that he was getting a splendid home, that it was nicely built, with good material and with the best of workmanship possible. Appellant later purchased the house and moved into it.

After moving in, he discovered that some of the material was used material; that the walls were cracking; that the roof sagged; that the joists were too close to the ground; and that there were other defects in material and workmanship. He ascertained that it would cost approximately $2,500 to place the house in substantially the same condition as it was represented. it was and would be. Basing the action on these fraudulent misrepresentations appellants sought damages. At the

conclusion of appellants' testimony, the court peremptorily instructed the jury in favor of appellee upon the theory that an action for fraud cannot be predicated on promises or statements as to future events.

Appellants urge reversal on the sole ground that the trial court erred in peremptorily instructing the jury to find for appellee: because (1) at the time of the alleged false representation a substantial portion of the house had been completed; (2) the state of appellee's mind at the time the representations were made as to future intentions regarding the construction of the house was a question of fact which should have been submitted to the jury.

█ In peremptorily instructing the jury the court below no doubt was controlled entirely by the general rule that fraud must relate to a present or a pre-existing fact and cannot be predicated on statements of a promissory nature. This general rule seems to support the view that even though the person making such representations may have entertained doubts regarding the future occurrence or even though the statements were made recklessly and without regard to truth, they may not serve as a basis for fraud. Appellee apparently takes this position and in support thereof cites numerous decisions. This position obviously ignores the fact that there are exceptions to and limitations on this general rule. The weight of authority holds that fraud may be predicated on promises made without an intention of performance, the gist of which lies not in the breach of the agreement, but in the false representation of an existing intention to do certain things, made for the purpose of inducing another to enter into a contractual relation with him.

█ In the first place, let us keep clearly in mind that this is not a contract entered into whereby appellee contracted to build a house for appellants. Appellee was in the business of building houses for sale. This house was in the process of construction and appellee desired to sell it. His representations were made in order to induce appellants to enter into a contract of purchase. It has been pointed out in many decisions that promises made without intention of fulfillment in order to induce another to enter into a contract may be as culpable and harmful as misrepresentations of existing facts. It has been held that even though the representations relate to the future, if they are positively stated in order to induce another to do something and the party making the representations has no intention of performance, such statements may be misrepresentation of facts on which fraud may be predicated.

We have another proposition entering this case. It is insisted, and the evidence supports that position, that at the time the false representations were made a substantial portion of the house had been completed. The foundation was in; the framework of the house was up; a portion of the siding was on; and the roof was constructed. The evidence shows that there were existing defects in both material and workmanship at the time appellee made the representations above.

█ It has been held that the general rule relied on by appellee does not apply where a fraud has been accomplished in part by false representation of existing facts and in part by false promises, on the ground that the two are inseparably linked together, both serving as an inducement to another to enter into a contract.

With the above general rule, and exceptions thereto, in mind, we direct our attention to the evidence. Ernest A. Hall, contractor who was in the business of building both commercial and residential property and who stated that he had built from 20 to 25 houses in the last 5 or 6 years previous to his testimony, inspected the house in question and stated in substance that the hardwood floors had shrunk and had large cracks in them and were out of level; that the exterior trim is open and doesn't fit the walls; that the plaster is very rough and uneven; that the corners of the plaster vary from half an inch to three inches out of line; that the archway between the living room and the hall is not true; that the doors are warped and too small for the openings; that the

windows are made from used sash, doty and in a stage of rotting; the sash doesn't fit the opening; the floor joists are one and a half inch gum of very poor grade, with large knots in same; that in some places these are "pretty close" to the ground; that at no "place under there" are these joists over fourteen inches off the ground, whereas eighteen inches is required by good building practice; that the floor joists are all molded underneath due to dampness; that there is not proper clearance under floor joists; that the roof leaks; that the roof rafters are sagged as much as six inches in places; they are too far apart; that the roof is very poorly applied; that the weatherboards are loose and are not nailed in places on studs, and are very uneven and poorly fit; that the front porch ceiling contains four different grades and widths; that the front porch columns are rough sawn, unplaned and unsanded; that the concrete steps are very rough and uneven; that the risers on the steps vary from seven and a half to nine and three-fourths inches, making some of the steps taller than others; that there are cinders and large "hunks" of wood in the concrete slab; that the concrete work is cracked in places; the exterior walls are crooked and out of line, all the result of both poor grade of material and poor workmanship; and that it would cost $2,510 to repair these defects and bring them up to the standards of good workmanship and good, sound material. Otherwise the house seems to be all right and acceptable.

█ It is pointed out that the state of the promissor's mind at the time he makes a promise is a fact which is exclusively within his own knowledge and if an intent is represented as being one thing whereas in fact it is the opposite, there is a prima facie presumption that the statement was made not as opinion but as a positive affirmation adapted to the end of inducing entrance into a contractual relation. Such promissory representation made with such intention is commonly called "fraud in the inducement". In the instant case, we have representations based partly on existing facts and partly on promises in futurity which induced appellant to enter into a contract whereby appellee acquired an unconscionable and inequitable advantage. In such instance, the equitable principle, namely, that fraud will be inferred and relief given, must prevail. The rule recognizing the exceptions to and limitations on the general rule has become the majority rule. Kentucky follows this rule. See Oldham v. Bentley, 1846, 6 B.Mon. 428; Electric Hammer Corp. v. Deddens, 1924, 206 Ky. 232, 267 S.W. 207; Tauner v. Clark, 1892, 13 Ky.Law Rep. 879, 922; Daniel v. Daniel, 1921, 190 Ky. 210, 226 S.W. 1070; Coral Gables, Inc. v. Barnes, 247 Ky. 292, 57 S.W.2d 18; Kentucky Electric Development Co.'s Receiver v. Head, 252 Ky. 656, 68 S.W.2d 1.

In addition to the numerous cases cited appellee cites sections of 23 A.J. enunciating the general rule, with which we are in entire agreement. However, we direct attention to the same Vol. 23, A.J., Fraud and Deceit, page 885, for a discussion of exceptions to the general rule wherein it is stated that fraud may be predicated on promises made without intention of performance. A discussion of this rule may be found in Restatement of Law, Contracts, Sec. 476 and following. The question is exhaustively annotated in 51 A.L.R. commencing at page 46; 68 A.L.R. 635 and 91 A.L.R. 1295.

█ Applying the prevailing exceptions to and limitations on the general rule to the facts herein, we have no hesitancy in concluding that the court erred in peremptorily instructing the jury to find for defendant.

The judgment is reversed for proceedings consistent herewith.